UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROLYN CROSIER, | CASE NO. 5:18CV91 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Carolyn Crosier ("Plaintiff") requests judicial review of the decision of the Commissioner of Social Security Administration ("Defendant") denying her application for Supplemental Security Income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on April 22, 2018, Plaintiff asserts that the administrative law judge ("ALJ") issued a decision that is not based on substantial evidence. ECF Dkt. #14. Defendant filed a response brief on June 4, 2018. ECF Dkt. #16. Plaintiff filed a reply brief on June 15, 2018. ECF Dkt. #17.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I.    **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on August 30, 2013, alleging a disability onset date of August 15, 2011. ECF Dkt. #12 ("Tr.") at 641.[2] The application was denied initially and upon reconsideration. *Id.* at 523, 562. Plaintiff then requested a hearing before an ALJ and a hearing was held on March 3, 2016. *Id.* at 372. The hearing was postponed to allow Plaintiff more time to obtain evidence, and a second hearing was held on July 21, 2016. *Id.* at 295. On

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

October 26, 2016, the ALJ issued a decision concluding that Plaintiff was not disabled. *Id.* at 234. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. Accordingly, the decision issued by the ALJ on October 26, 2016, stands as the final decision.

The instant suit was filed by Plaintiff on January 12, 2018. ECF Dkt. #1. Plaintiff filed a brief on the merits on April 22, 2018. ECF Dkt. #14. Defendant filed a response brief on June 4, 2018. ECF Dkt. #16. Plaintiff filed a reply brief on June 15, 2018. ECF Dkt. #17.

## II. **RELEVANT PORTIONS OF THE ALJ'S DECISION**

On October 26, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 234. The ALJ stated that Plaintiff had not engaged in substantial gainful activity since August 30, 2013, the date of her application. *Id.* at 239. Continuing, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus type two with complications of neuropathy and hyperglycemia; history of pulmonary embolism and thrombosis of unspecified deep veins of unspecified lower extremity; obesity; episode syncope and collapse; osteoarthritis generalized; chronic pain syndrome; depression; major depressive disorder; anxiety disorder and generalized anxiety disorder; bipolar disorder, unspecified; adjustment disorder with mixed anxiety and depressed mood; mood disorder with depression; and alcohol dependence, in remission. *Id.* The ALJ then indicated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 240.

After consideration of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following additional limitations: stand/walk for a total of two hours in an eight-hour workday for up to thirty minutes at a time; sit for about six hours in an eight-hour workday for up to one hour at a time; occasionally use foot controls with the bilateral lower extremities; frequently stoop, kneel, crouch, or crawl; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation; avoid hazards such as hazardous machinery, unprotected heights, and commercial driving; limited to low stress work involving simple,

routine, and repetitive tasks that could be learned in thirty days or less; no tasks involving high production quotas or fast-paced production demands, but that she could perform goal-oriented work; occasional and superficial interactions with coworkers and the public; cannot engage in tasks with coworkers that would require joint or cooperative efforts to complete; and preferably required a non-public and smaller work setting with occasional changes in workplace tasks or duties that were easily explained and gradually introduced. Tr. at 242.

The ALJ then stated that Plaintiff had no past relevant work, was a younger individual on the date the application was filed, had at least a high school education, and could communicate in English. Tr. at 245. Next, the ALJ indicated that the transferability of jobs skill was not an issue because Plaintiff did not have past relevant work. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 246. For these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, since August 30, 2013, the date the application was filed. *Id.*

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including

> age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V. LAW AND ANALYSIS

Plaintiff asserts that the ALJ's finding that Plaintiff did not require frequent breaks was not supported by substantial evidence. ECF Dkt. #14 at 10. Specifically, Plaintiff states that ALJ "ostensibly gave 'great weight' to the opinion of consultative examiner Leah Beegan, D.O." who opined that she could perform sedentary job duties with frequent breaks. *Id.* Plaintiff avers that the ALJ did not explain or reconcile the discord between assigning "great weight" to Dr. Beegan's opinion but declining to include a provision for frequent breaks in the RFC finding. *Id.* Continuing, Plaintiff states that the ALJ did not explain why the opinion of state examiner Yolanda Duncan, M.D., was assigned "only some weight" yet was adopted over the opinion of Dr. Beegan. *Id.* at 11.

Defendant contends that the ALJ's RFC finding was consistent with the medical record as a whole, including diagnostic imaging and the physical examination findings. ECF Dkt. #16 at 14. Continuing, Defendant states that the ALJ properly noticed that Plaintiff led a fairly active lifestyle including: attending to her personal care without any assistance; preforming household chores including washing the laundry, meal preparation, cooking, driving, and shopping; cared for three dogs and babysat up to seven children, including three infants; worked in October 2014 and December 2014; and took a six-hour trip via motor vehicle to New Jersey in July 2015. *Id.* at 15. Further, Defendant states that the ALJ was not required to explain the reasons for rejecting a consulting physician's opinion in the same manner required for the opinion of a treating physician. *Id.* at 16 (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013)). Next, Defendant asserts that the ALJ properly explained the weight assigned to the opinions of the consulting physicians and properly limited Plaintiff to normal breaks rather than frequent breaks. ECF Dkt. #16 at 16. Defendant also avers that the ALJ assigned proper weight to Dr. Duncan's opinion. *Id.* at 17.

The ALJ properly explained the weight assigned to the opinions of Dr. Beegan and Dr. Duncan. As an initial matter, Defendant correctly asserts that the ALJ was not subject to the heightened "good reasons" standard imposed by the treating physician rule as neither Dr. Beegan

nor Dr. Duncan were treating physicians. Regarding Dr. Beegan's opinion, the ALJ explained that although Dr. Beegan only examined Plaintiff once, the opinion was consistent with her observations and findings. Tr. at 245. As for Dr. Duncan's opinion, the ALJ stated that "only some weight" was assigned to the opinion because Plaintiff was not taking her medications at the time of the examination and therefore the overall picture of Plaintiff's health was not observable. *Id.* Further, the ALJ explained that Dr. Duncan did not provide limitations with any sort of clarity and only spoke in generalizations. *Id.* Additionally, the ALJ stated that the limits opined by Dr. Duncan appeared to be based largely on Plaintiff's subjective reports. *Id.*

Although the ALJ's discussion of the opinions of Dr. Beegan and Dr. Duncan was relatively brief, the ALJ was not required to provide "good reasons" for discounting these opinions as imposed by the treating physician rule. Rather, the ALJ's RFC finding is required to be supported by substantial evidence. The ALJ met this standard. As stated by the ALJ, Dr. Beegan's opinion was consistent with her observations and findings, and was therefore assigned "great weight." *See* Tr. at 245. Plaintiff has failed to show that the ALJ was required to adopt all of the limitations opined by Dr. Beegan despite assigning the opinion "great weight." The ALJ also explained that "only some weight" was assigned to Dr. Duncan's opinion because it was: based on an examination that occurred while Plaintiff was off her medications; general and lacked clarity; and apparently based on Plaintiff's subjective complaints. These are proper reasons discounting the opinion. Accordingly, Plaintiff has failed to show that the ALJ's decision is not based on substantial evidence and the decision stands.

## VI. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: March 8, 2019      */s/George J. Limbert*
                                                 GEORGE J. LIMBERT
                                                 UNITED STATES MAGISTRATE JUDGE